UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cody Thomas Toomer, ) | Civil Action No.: 4:16-cv-02773-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Police Department, Kenneth ) | |
| Kenneth Marcus, Tina Vaught, Chief ) | |
| Chief Saundra Rhodes, Raul Dennis, Stan ) | |
| Strickland, and Scott Rutherford, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Cody Thomas Toomer, brought this action pursuant to 42 U.S.C. § 1983 for malicious prosecution, and state law claims for intentional infliction of emotional distress and malicious prosecution. Pending before the Court is Defendants' [ECF No. 27] motion for summary judgment.

This matter is before the court with the Report and Recommendation [ECF No. 44] of Magistrate Judge Thomas E. Rogers, III filed on January 29, 2018.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to the § 1983 malicious prosecution claim because Plaintiff could not establish that the charges were terminated in Plaintiff's favor. The Magistrate Judge recommended the remaining state law claims be remanded to state court under 28 U.S.C. § 1367(c)(3).

Plaintiff timely filed Objections [ECF No. 45] to the Magistrate Judge's Report and Recommendation.

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## **Discussion**

The Magistrate Judge recommended that summary judgment be granted as to Plaintiff's § 1983 malicious prosecution claim because Plaintiff could not establish that his charges were terminated in his favor. Plaintiff was arrested pursuant to an arrest warrant for disturbing schools. The parties do not dispute that the charges against Plaintiff were dismissed. However, the

3

Magistrate Judge found the Plaintiff failed to present sufficient evidence to create an issue of fact as to whether Plaintiff's charges were dismissed for reasons consistent with Plaintiff's innocence.

"To state such a claim [for malicious prosecution], a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir.2000), *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir.2012)) (internal citations omitted).

In *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 402 S.E.2d 887 (S.C. 1991), the South Carolina Supreme Court held that "where an accused establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." 402 S.E.2d at 888. The Fourth Circuit has also indicated that malicious prosecution plaintiffs have the "affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused." *Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 61, 65 (4th Cir. 2002).

The only evidence in the record regarding the dismissal of Plaintiff's charges is Plaintiff's and Defendant Marcus's deposition testimony. Plaintiff testified:

> Q: How did the criminal charges turn out against you? What happened to them?
> A: I think they got wiped or –
> Q: Dismissed?
> A: Dismissed.
> Q: Why, if you know?
> A: I'm not sure.
> Q: You were never told why?
> A: I was never told the reason why, no.
> Q: Did you go to court for them to be discussed or it just went away?

4

> A: No, sir. It just went away. I never went to a court hearing or anything.

[Pl. Dep. 44-45, ECF No. 27-4]. Defendant Marcus testified:

> Q. And what happened to the charges with Mr. Toomer?
> A. Mr. Toomer's charges were dismissed.
> Q. Were you aware of why his charges were dismissed?
> A. Offhand, I do not recall. I do remember that I spoke with their attorney at length.

[Marcus Dep. 27, ECF No. 27-3].

From the deposition testimony, neither Plaintiff nor Defendant Marcus know why the charges were dismissed. The record is simply silent as to the reason Plaintiff's charges were dismissed. Additionally, Plaintiff failed to make a specific objection addressing the Magistrate Judge's finding that there was insufficient evidence to create an issue of fact as to whether Plaintiff's charges were dismissed for reasons that imply or are consistent with his innocence. In the absence of a specific objection, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315. Having reviewed the record, the Court finds no clear error and agrees with the Magistrate Judge's recommendation that Defendants are entitled to summary judgment on Plaintiff's § 1983 malicious prosecution claim. Plaintiff has failed to present sufficient evidence to create a genuine issue of fact as to whether his criminal charges were dismissed for reasons that imply or are consistent with his innocence. Plaintiff's § 1983 malicious prosecution claim is therefore due to be dismissed.

Even if Plaintiff had submitted evidence that his criminal charges terminated for reasons that imply or are consistent with his innocence, Defendant Marcus would be entitled to qualified

immunity on the § 1983 claim because he could have reasonably believed that there was probable cause to support the warrant application. *See Porterfield v. Lott*, 156 F.3d 563, 570 (4th Cir. 1998). The Supreme Court has held that when a police officer acts pursuant to a warrant, he is entitled to qualified immunity if he could have reasonably believed that there was probable cause to support the application. *See Malley v. Briggs*, 475 U.S. 335, 344-45 (1986) ("Only where the warrant application is so lacking indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost"). The doctrine of qualified immunity protects government officials from civil damage actions to the extent that the officials do not violate clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court has recognized that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341 (1986). Qualified immunity protects law enforcement officers from "bad guesses in gray areas," and it ensures that they may be held personally liable only "for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992).

"'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." *Cahaly v. Larosa*, 796 F.3d 399, 407 (4th Cir. 2015). Probable cause is "an objective standard of probability that reasonable and prudent persons apply in everyday life," *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998), and determined by a "totality-of-the-circumstances" approach. *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict." *Gray*, 137 F.3d at 769.

Defendant Marcus testified that video surveillance showed Plaintiff going back and forth between two fights and, at one point, it appeared Plaintiff shoved one of the kids away from a brick wall and into a car. [Marcus Dep. 15, ECF No. 27-3]. The principal of the school helped Defendant Marcus identify Plaintiff from the surveillance video. Based on the record before the Court, Defendant Marcus could have reasonably believed that there was probable cause to support the warrant application. Accordingly, the Court finds that Defendant Marcus is entitled to qualified immunity on Plaintiff's § 1983 malicious prosecution claim.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 44] of the Magistrate Judge.

Accordingly, Defendants' [ECF No. 27] motion for summary judgment is **GRANTED** and the Plaintiff's claim for malicious prosecution brought under 42 U.S.C. § 1983 is hereby **DISMISSED with prejudice.** Pursuant to 28 U.S.C. § 1367(c), Plaintiff's state law claims are remanded to the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

March 21, 2018　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge